**FILED**
**Jan 02, 2019**
**02:02 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | |
|---|---|
| AMANDA PERRY,<br>   **Employee,** ) | **Docket No. 2018-02-0065** |
| **v.** ) | |
| OCOEE SYCAMORE ) | |
| RETIREMENT CENTER, LLC ) | **State File No. 41001-2017** |
|    **Employer,** ) | |
| **and** ) | |
| GREAT AM. ALLIANCE INS. CO., ) | |
|    **Carrier.** ) | **Judge Robert Durham** |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS

---

This case came before the Court for an Expedited Hearing on December 19, 2018. The issue is whether Ms. Perry is entitled to reimbursement for unauthorized medical expenses following settlement of her workers' compensation claim. The Court holds that Ms. Perry is not likely to establish that Ocoee Sycamore Retirement Center (OSRC) is required to pay her unauthorized expenses and denies her request.

### History of Claim

On June 5, 2017, Ms. Perry injured her thoracic and lumbar spine at work. After conservative care failed to resolve her symptoms, OSRC provided a panel of neurosurgeons, and she chose Dr. Jody Helms to provide authorized treatment.

On Ms. Perry's first visit, Dr. Helms noted her MRI revealed a T12-L1 herniated disc, which he attributed to her work injury, as well as a small, degenerative disc bulge at L5-S1. He did not feel her complaints corresponded to lumbar radiculopathy. He ordered additional physical therapy, which Ms. Perry underwent, but it only provided minor relief. She returned to Dr. Helms complaining of pain down her leg and her shoulder blades and chest. Dr. Helms did not believe that the arm and chest complaints were due to radiculopathy or that her leg complaints required surgical care. He recommended a steroid injection, which Ms. Perry declined. Therefore, at her request, he ordered chiropractic visits and more physical therapy.

1

When Ms. Perry returned, she told Dr. Helms that conservative care helped some, but she still experienced low back pain as well as numbness and tingling in both legs. Dr. Helms observed that her symptoms did not follow a dermatomal pattern, ruling out radiculopathy. She also complained of neck pain and dizziness, which he felt were unrelated to her work injury. Despite her concerns, he returned her to work at light duty.

In October, Ms. Perry saw Dr. Helms for the last time. She complained of low back pain with numbness and tingling in both legs. On exam, Dr. Helms noted give-way weakness in all muscle groups and "patchy" numbness in both legs. He felt her exam was "completely unreliable." He noted he had nothing more to offer for Ms. Perry's complaints, and he released her without restrictions with a two-percent impairment rating. However, he ended the record by stating he would "see her back p.r.n."

On February 6, 2018, Ms. Perry settled her workers' compensation claim for her impairment rating and open medical benefits for her thoracic and lumbar injuries. The agreement named Dr. Helms as the authorized physician. In March, Ms. Perry filed a Petition for Benefit Determination seeking additional medical benefits, specifically, a panel of neurosurgeons to replace Dr. Helms. OSRC initially refused another panel. Ms. Perry then sought treatment on her own, including multiple chiropractor visits and "cold laser" treatments recommended by the chiropractor. Following mediation in August, OSRC agreed to allow Ms. Perry to choose another authorized physician from a panel comprised of the original panel plus a replacement for Dr. Helms. Ms. Perry declined.

Before the hearing, OSRC filed a motion to dismiss Ms. Perry's PBD on the grounds that it offered a valid panel to replace Dr. Helms, but she refused to choose another neurosurgeon. Ms. Perry agreed to select a doctor from the panel, but she stated she had incurred significant unauthorized medical expenses before the proffered panel for which she wished to be reimbursed. Given that the PBD cited "medical benefits" as an issue, the Court declined to grant OSRC's motion to dismiss.

At the hearing, Ms. Perry attempted to introduce a bill from her chiropractor outlining her unauthorized medical expenses since March. The statement was not accompanied by records signed by a physician, other than a few chiropractic examinations, or an affidavit from a records custodian. The only record potentially addressing whether the treatment provided related to Ms. Perry's work-related injuries was a note from a chiropractic therapy assistant. Finally, the records provided no medical opinion as to the reasonableness and necessity of Ms. Perry's unauthorized treatment. OSRC objected to the admission of these records on the grounds that they constituted hearsay and lacked authentication. The Court upheld the objection, with the exception of the chiropractic examinations, and excluded the records from evidence.

Ms. Perry testified that she did not return to Dr. Helms for several reasons. She

claimed that at her second to last visit, he seemed skeptical of her complaints and dismissive as to her limitations. When she attempted to bend down to show her range of motion, he pushed the back of her head, causing increased pain in her low back. She returned in October with her husband, but he was not allowed in the examining room with her. She said that Dr. Helms remained brusque and skeptical. He told her there was nothing more he could do for her. Thus, even though she knew she could "return p.r.n," she did not see the point. Ms. Perry admitted that she never attempted to return to Dr. Helms following the October 2017 visit. She also admitted that she knew at the time of her settlement that the agreement named Dr. Helms as her authorized physician. She testified that she did not choose a doctor from the panel provided in August because it only replaced Dr. Helms and did not constitute an entirely new panel.

### Findings of Fact and Conclusions of Law

Ms. Perry need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The primary issue is whether Ms. Perry is entitled to reimbursement for unauthorized expenses for treatment of her lumbar and thoracic spine injuries. The parties agreed on February 6, 2018, that Dr. Helms would be Ms. Perry's authorized physician. Ms. Perry admitted that she did not seek additional treatment with Dr. Helms after this agreement but instead underwent unauthorized care. However, she argued that she was entitled to seek this treatment given Dr. Helms' skeptical, dismissive attitude.

Whether an employee is justified in obtaining unauthorized medical treatment and then requiring reimbursement for the cost of this treatment depends upon the circumstances. *Hackney v. Integrity Staffing Solutions,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (July 22, 2016). Here, the Court finds that the circumstances did not justify Ms. Perry's unauthorized treatment.

Before an employee may seek unauthorized treatment, the employer must first be given an opportunity to determine whether the proposed treatment is reasonable and necessary for the work injury. *Id.* Although Dr. Helms was skeptical of Ms. Perry's symptoms, and he stated he had nothing further to offer, he qualified this statement by indicating he "would see her p.r.n." By refusing to even attempt to see Dr. Helms again, Ms. Perry did not give either him or OSRC the opportunity to provide additional authorized treatment.

The Court acknowledges that Ms. Perry felt Dr. Helms marginalized her complaints and questioned her credibility during his course of treatment; however, those

3

feelings alone do not justify transferring her care to another doctor without an attempt to return to Dr. Helms. *See Baker v. Electrolux*, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *8-9 (Oct. 20, 2017) (employee's dissatisfaction with authorized doctor's care not enough to require the employer to authorize treatment with another physician).

In addition, OSRC attempted to settle the matter in August by offering to replace Dr. Helms on the original panel and to allow Ms. Perry to select another treating physician. The Court finds the new panel is in compliance with Tennessee Code Annotated section 50-6-204(3)(G), but Ms. Perry declined to choose a new physician.[1] Thus, even if Ms. Perry were correct in her assertion that she was reasonable in believing Dr. Helms would no longer treat her, OSRC remedied that issue with the August panel.

Finally, Ms. Perry argued that, even if the August panel were valid, she was still entitled to the unauthorized expenses she incurred after she filed the Petition for Benefit Determination in March until OSRC offered the panel in August. However, even assuming that she was justified in seeking unauthorized treatment during this timeframe, she still must prove the expenses were reasonable, necessary and causally-related to her work injury. Ms. Perry did not offer any doctors' opinions to meet these requirements. Thus, the records admitted into evidence were insufficient to satisfy her burden even if she was justified in seeking treatment from someone other than Dr. Helms.

Therefore, Ms. Perry's requests for reimbursement of unauthorized expenses and an additional panel are denied at this time. Given that this matter arose following settlement of the claim, there is no need to set a Scheduling Hearing.

**ENTERED JANUARY 2, 2018.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

---

[1] At the hearing, OSRC agreed that its offer to allow Ms. Perry to choose another doctor from the revised panel remains in effect.

4

# APPENDIX

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Motion to Dismiss
5. Order Denying Motion to Dismiss
6. Transfer Order
7. Employer's Motion in Limine
8. Employer's Expedited Hearing Brief
9. Employer's Witness and Exhibit List

Exhibits

1. Settlement Agreement with Approval Order
2. Ms. Perry's affidavit
3. Choice of Physician Form
4. Medical records from Dr. Breeding
5. Medical records from Dr. Helms
6. Mary Chambers' affidavit
7. Chiropractic records from Dr. Wingate
8. Letter from Cindy Eller, CTA and attached medical bill summary (for I.D. only)
9. Medical bill outlining amount due (for I.D. only).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on January 2, 2019.

| Name | Certified Mail | Email | Service sent to: |
|------|----------------|-------|------------------|
| Amanda Perry | X | X | Alwayscleanin.ap@gmail.com |
| David Goudie |  | X | dgoudie@morganakins.com |

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims



<u>Expedited Hearing Order Right to Appeal</u>:

  If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____
**Employee**

v.

_____
**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name:_____  SF#:_____  DOI:_____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address:_____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#:_____

Attorney's Address:_____ Phone:_____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20 ___

[Signature of appellant or attorney for appellant]      _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____ 

2. Address: _____

3. Telephone Number: _____ 

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month          Medical/Dental  $ _____ per month

     Groceries      $ _____ per month          Telephone     $ _____ per month

     Electricity     $ _____ per month          School Supplies $ _____ per month

     Water       $ _____ per month          Clothing       $ _____ per month

     Gas        $ _____ per month          Child Care    $ _____ per month

     Transportation $ _____ per month          Child Support $ _____ per month

     Car        $_____ per month

     Other      $ _____ per month (describe: _____ )

10. Assets:

     Automobile        $ _____          (FMV) _____

     Checking/Savings Acct. $ _____

     House          $ _____          (FMV) _____

     Other          $ _____          Describe:_____

11. My debts are:

Amount Owed               To Whom

_____      _____

_____      _____

_____      _____

_____      _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                                RDA 11082